MADDOX, Justice
(dissenting).
I do not disagree with the majority’s holding that the defendant did properly raise the legal question whether the trial judge abused his discretion in ordering a consolidation of the defendant’s case with that of a codefendánt. The supplemental record filed in the Court of Criminal Appeals shows that the defendant specifically objected to having her case consolidated.
I also do not disagree with the majority’s holding that “[w]here the trial court orders a joinder of defendants, the trial court’s order must be made no later than seven days prior to trial.” Temp. Rule 15.4(b) specifically states that consolidation orders must be made “no later than seven (7) days prior to trial,” and it is ■ clear from the record here, as the majority finds, that “only 6 days had elapsed between consolidation and the commencement of trial.”
The problem I have with the majority’s holding is that it addresses an issue that was never presented to the trial judge. The defendant, insofar as I can determine, did not raise in the trial court the point that Temp. Rule 15.4 required that seven days elapse between the granting of a motion to consolidate and the start of the trial. I have read the supplemental record of the hearing conducted by the trial judge when he entertained the defendant’s objection to being tried jointly, and I find that the record does contain a general objection to the judge’s consolidation of her case with that of the codefendant, but I can find no place where the defendant either alleged, or showed, that she was entitled to have seven days intervene between the date of the consolidation order and her trial. Clearly, she did not move to sever and raise the point specifically so that the judge could reset the trial date. Consequently, I would hold as the Court of Criminal Appeals did, that defendant’s claim on this point was procedurally barred.
Having said the foregoing, I would point out that the defendant could raise, in the Court of Criminal Appeals, whether the trial court abused its discretion in ordering a consolidation of her case, because she did object to the consolidation, stating her reasons. I do not believe, however, that her general objection to the consolidation was broad enough to include such specific grounds as the failure of the trial court to follow its own pre-trial order in allowing the State to file its motion late, and the violation of the seven-day rule upon which the majority relies. In other words, I believe that the defendant should have raised these grounds in the trial court and before trial, and that she would be precluded from presenting them for the first time on appeal to the Court of Criminal Appeals; therefore, I must respectfully dissent.
HOUSTON, J., concurs.